```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

LEON TIMOTHY WHITE III,
as Personal Representative of
the Estate of Corey L. White,

        Plaintiff,
v.                                      Case No. 8:11-cv-1355-T-33EAJ

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER

Now before the Court is the Motion to Limit Cumulative Experts (Doc. # 35), filed by Plaintiff Leon Timothy White III, as personal representative of the estate of Corey White, on March 1, 2013. The United States of America filed its response in opposition to the Motion on March 9, 2013. (Doc. # 36). After due consideration and for the reasons stated below, the Court denies the Motion.

## Discussion

White filed this wrongful death action pursuant to the Federal Tort Claims Act against the United States of America on June 20, 2011. (Doc. # 1). This case arises from the death of 27-year-old veteran, Corey White, who passed away following gastric bypass surgery at the Department of

Veterans Affairs' Bay Pines VA Healthcare System facility in Pinellas County, Florida. (Id.).

This case is set for a bench trial during the Court's July 2013 trial term. (Doc. # 23). On May 1, 2013, White filed a Motion moving the Court to "limit experts on behalf of the United States of America to one expert on liability and causation to avoid cumulative and repetitious testimony. Plaintiff also requests that the government be required to promptly identify that expert." (Doc. # 35 at 1). White states that the expert reports of both Ronald Pearl, M.D. and Steven Goldin, M.D. "address[] the central liability and causation issues of this case. Each concludes Mr. White was not losing blood and that another factor caused the cardiac arrest. Neither carves out a separate nook which one expert is addressing that the other is not." (Id. at 4). As such, White argues "[t]he testimony of the defendant's experts is clearly cumulative." (Id. at 9).

In response, the Government claims that the experts' testimony will not be cumulative or repetitious. "This case involves both surgical and critical care issues. Dr. Steven Goldin is a board certified surgeon. Dr. Ronald Pearl is board certified in the critical care of patients who experience problems after surgery. There are many areas

2

where each offers relevant testimony that does not overlap the testimony of the other." (Doc. # 36 at 1). The Government further explains, "The United States decided to retain a surgeon to address surgical issues and a critical care expert to address critical care issues." (Id. at 3). In order to outline the ways in which Dr. Goldin and Dr. Pearl's potential testimonies might differ, the Government also provides a detailed list of subjects addressed in Dr. Goldin's report but not in Dr. Pearl's report, and vice versa. (Id. at 3-4).

"It is well established that evidence which is merely repetitious and cumulative of testimony already introduced may be excluded by the court." Meadows & Walker Drilling Co. v. Phillips Petroleum Co., 417 F.2d 378, 382 (5th Cir. 1969). However, when possible, "admissibility questions should be ruled upon as they arise at trial. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Stewart v. Hooters of Am., Inc., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007).

The Government has pointed to several ways in which the experts' testimony may differ at trial and, as such,

3

inadmissibility has not been clearly proven. Accordingly, the Court will deny White's motion and will allow the Government's experts to testify. See Sterbenz v. Anderson, No. 8:11-cv-1159-T-33TBM, 2012 WL 5387885, at *5 (M.D. Fla. Nov. 2, 2012) (allowing multiple experts to testify despite the allegedly cumulative nature of the testimonies because the plaintiff "point[ed] out several ways in which the experts' testimony and methods are different enough to allow each to testify at trial"). However, the Court reserves the right to revisit the issue if and as necessary during trial in the event that the Government's experts' testimony becomes unnecessarily or overly redundant and impedes the progress of the trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Leon Timothy White III's Motion to Limit Cumulative Experts (Doc. # 35) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies: All Counsel of Record