```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

LEON TIMOTHY WHITE III,
as Personal Representative of
the Estate of Corey L. White,

      Plaintiff,

v.                      Case No. 8:11-cv-1355-T-33EAJ

UNITED STATES OF AMERICA,

      Defendant.
_____/

**ORDER**

Now before the Court is Plaintiff Leon Timothy White III's Memorandum and Motion in Support of Use of Deposition Transcripts by the Plaintiff as Set Forth in the Pretrial Stipulation (Doc. # 51), filed on June 20, 2013. The United States of America filed its response in opposition to the Motion on June 24, 2013. (Doc. # 52). After due consideration and for the reasons stated below, the Court denies the Motion.

**I.**    **Background**

White filed this wrongful death action pursuant to the Federal Tort Claims Act against the United States of America on June 20, 2011. (Doc. # 1). This case arises from the death of 27-year-old veteran, Corey White, who passed away following gastric bypass surgery at the Department of

Veterans Affairs' Bay Pines VA Healthcare System facility in Pinellas County, Florida. (Id.).

This case is set for a bench trial during the Court's July 2013 trial term. (Doc. # 23). The Court conducted the final pretrial conference on June 13, 2013, and at that time the parties raised the issue of the permissibility of White publishing at trial substantial portions of fourteen depositions of available nurses and doctors. (Doc. # 47). The parties' pretrial statement characterizes the issue as follows:

> Pursuant to Federal Rule of Civil Procedure 32, the Defendant objects to the Plaintiff's deposition designations unless the witnesses are unavailable pursuant to Rule 32(a)(4) or their use is otherwise permitted by Rule 32. Only two witnesses, Dr. Jorge Lopez and Nurse Navid Niroumand, meet the definition of "unavailable". The Defendant disagrees with Plaintiff that Rule of Evidence 801 (d)(2) as well as Rule 32 permits publishing the deposition testimony of available doctors and nurses.

(Doc. # 39 at 27-28). The Court instructed White to file a brief and motion regarding the admissibility of the depositions on or before June 20, 2013, and set a deadline for the Government's response for June 24, 2013. (Doc. # 47). The parties timely filed the requested motion and response.

**II.  Discussion**

Rule 32, Fed. R. Civ. P., governing the use of depositions in court proceedings, provides:

> **(a) Using Depositions. (1) In General.** At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8).

Rule 32, Fed. R. Civ. P.

Rule 801(d)(2), Fed. R. Evid., regarding the definitions of hearsay and non-hearsay statements, states:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay: . . .**(2) An Opposing Party's Statement.** The statement is offered against an opposing party and: . . . (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; . . .

Rule 801(d)(2)(D), Fed. R. Evid.

White contends that "the statements made in the depositions here are specifically not hearsay under FRE 801(d)(2)(D) because they are 'opposing party statements' and are admissible independent of [the requirements of] Rule 32." (Doc. # 51 at 2). The Court agrees that, pursuant to Rule 801(d)(2)(D), the statements are not hearsay to the extent that the statements are within the scope of the deponents employment relationships.

3

Nonetheless, the issue is whether these non-hearsay statements may be presented through depositions rather than live testimony at trial. On this point, the Court has a long-standing preference for live testimony. "In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony . . . ." United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977). The Federal Rules of Civil Procedure likewise display a "decided preference for live testimony in open court." Hamprecht v. Hamprecht, No. 2:12-cv-125-FTM-29, 2012 WL 1367534, at *2 (M.D. Fla. Apr. 19, 2012) (citing to Rule 43(a), Fed. R. Civ. P.). Indeed, the text of Rule 32 itself references that preference:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . (E) on motion and notice, that exceptional circumstances make it desirable--in the interest of justice *and with due regard to the importance of live testimony in open court*-- to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4)(E) (emphasis added). "The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a

4

substitute only if the witness is not available to testify in person." 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.).

Moreover, there is debate regarding whether Rule 801(d)(2)(D) does, indeed, create an exception to the requirement that a witness be unavailable for the Court to accept his or her deposition as substantive evidence. Neither party has presented the Court with binding authority resolving the question. See Woynar v. Chitwood, No. 6:10-cv-1458-ORL-28, 2012 WL 442986, at *1 (M.D. Fla. Feb. 10, 2012) ("Moreover, two of the depositions are of party-opponents . . . and pursuant to Federal Rule of Evidence 801(d)(2) are thus not hearsay and permissible for use at trial in any event. But see Owens v. Ala. Dep't of Mental Health & Mental Retardation, No. 2:07-cv-650-WHA, 2008 WL 4707180, at *5 (M.D. Ala. Oct. 24, 2008) ("The [p]laintiffs state that statements . . . are governed by Fed. R. Evid. 801(d)(2). . . . Without a showing that the requirements of Fed. R. Civ. 32(a)(4), governing unavailable witnesses are met, this deposition is not admissible.").

The Court has broad discretion in managing the cases before it. See, e.g., Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002); 7 James Wm. Moore et al.,

5

Moore's Federal Practice § 32.07 (3d ed. 2013) ("A district court has broad discretion in adjudicating questions relating to the use of depositions at trial or other hearings."). The Government points out that allowing the depositions to be used as proposed in the pretrial statement would lead to White "reading two-day's worth of depositions followed by the United States calling these witnesses to trial to review their prior testimony, elaborate on it, and them be cross examined by Plaintiff. This will double the length of trial . . . ." (Doc. # 52 at 4-5). Conversely, White's proffered explanations for the use of deposition rather than live testimony are that White should be able to present his case "without being forced to obscure the differences between what the witnesses say now versus what they wrote in records" and that impeachment efforts would "considerably detract from the flow of the Plaintiff's case." (Doc. # 51 at 18, 20).

The Federal Rules of Evidence provide that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403, Fed.

6

R. Evid. The Court is not prepared to exclude testimony from the Bay Pines employees whose deposition testimony White seeks to introduce at trial. However, the Court does find that publishing large portions of the depositions of witness who are available and whom the Government will likely call as witness not only contravenes the Court's marked preference for live testimony, it would also likely be unnecessarily cumulative and would waste this Court's time and resources. While the Court reserves the right to revisit the issue as necessary during trial, in light of the Court's preference for live testimony, the lack of binding precedent regarding the admissibility of depositions that do not constitute hearsay pursuant to Rule 801(d)(2)(D), and the Court's desire to steward and preserve judicial and party resources, the Court denies the instant Motion in Support of Use of Deposition Transcripts.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Leon Timothy White III's Motion in Support of Use of Deposition Transcripts by the Plaintiff as Set Forth in the Pretrial Stipulation (Doc. # 51) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record